# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF: A. S., MINOR WARD.<br><br>RAMON P.,<br>Appellant,<br>vs.<br>JUAN S.; AND REBECA S.,<br>Respondents. | No. 73876<br><br>FILED<br><br>OCT 18 2018<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a petition to terminate guardianship. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

After respondents Juan and Rebeca S. obtained guardianship over appellant Ramon P.'s minor child, A.S., Ramon moved to terminate that guardianship. Before the court could hold an evidentiary hearing on termination, the parties entered a stipulation on the record allowing Juan and Rebeca to maintain guardianship over A.S., subject to Ramon's visitation. A few weeks after entering into that stipulation, Ramon again moved to terminate the guardianship. Before Juan and Rebecca could file an opposition, and without holding a hearing, the district court denied the motion, finding that there were no new facts or a change in circumstances

that supported terminating the guardianship and that the stipulation remained enforceable. This appeal followed.[1]

We first address Ramon's arguments regarding the initial award of guardianship to Juan and Rebeca. To that end, Ramon argues that the award of guardianship violated his due process rights because he was not served with Juan and Rebeca's petition or that it was obtained by fraud. By not appealing that award of guardianship, and by later stipulating to guardianship, however, we conclude that Ramon has waived these arguments. *See Rennels v. Rennels*, 127 Nev. 564, 570, 257 P.3d 396, 400 (2011) (recognizing that a stipulation has a preclusive effect on later litigation); *see also In re Dani R.*, 106 Cal. Rptr. 2d 926, 928 (Ct. App. 2001) (treating a father's appellate issues regarding custody as moot because, subsequent to the circumstances that supported his arguments on those issues, he entered into stipulations resolving them); 83 C.J.S. *Stipulations* § 1 (2010) ("A stipulation creates an express waiver by a party or its counsel of a challenge on the intended issues."). We therefore do not address these arguments further.

---

[1]Ramon filed a timely motion for reconsideration from the order on appeal after filing the notice of appeal with this court and we therefore directed Ramon to demonstrate that the reconsideration motion had been resolved and that this court had jurisdiction over the matter. *See* NRAP 4(4), (6); *In re Guardianship of A.S.*, Docket No. 73876 (Order to Show Cause, Feb. 22, 2018). In response, Ramon filed a copy of a district court order that fully resolved the motion for reconsideration such that this court's jurisdiction is proper. *See* NRAP 4(6).

We have also reviewed the additional documents we instructed the parties to file after oral argument on this case and conclude that they do not affect our decision herein.

Turning to the denial of Ramon's petition to terminate guardianship, Ramon asserts that the district court abused its discretion by failing to consider and apply the parental preference to his termination petition. *See In re Guardianship of L.S. & H.S.*, 120 Nev. 157, 163, 87 P.3d 521, 525 (2004) (providing that guardianship decisions are reviewed for an abuse of discretion). We agree. The parental preference is "a rebuttable presumption [that a parent should be the guardian of his or her child] that must be overcome either by a showing that the parent is unfit or other extraordinary circumstances." *Litz v. Bennum*, 111 Nev. 35, 38, 888 P.2d 438, 440 (1995). In this case, Ramon stipulated to Juan and Rebeca's guardianship over A.S. and there was no evidentiary hearing held on his subsequent petition to terminate guardianship. Thus, there is neither any evidence nor any district court findings that Ramon is an unfit parent or that extraordinary circumstances exist to rebut the presumption that he is a proper guardian for A.S. *See id.; see also Locklin v. Duka*, 112 Nev. 1489, 1495-96, 929 P.2d 930, 934-35 (1996) (affirming the termination of a guardianship that the parent previously consented to because there was no evidence to rebut the parental preference). Without any evidence or findings that Ramon is unfit or that other extraordinary circumstances warrant Juan and Rebeca maintaining guardianship, we conclude that the district court abused its discretion in denying Ramon's petition and therefore reverse that decision. *See Hudson v. Jones*, 122 Nev. 708, 712, 138 P.3d 429, 432 (2006) ("The natural parent, by voluntarily establishing the guardianship, does not waive their right to the parental preference at a subsequent proceeding to reevaluate the custody arrangement."); *cf. Troxel v. Granville*, 530 U.S. 57, 70, 72 (2000) (recognizing that a parent's decision concerning the care, custody, and control of his or her child should be given

 

material weight if the parent has not been deemed unfit due to the presumption that a fit parent acts in his or her child's best interest).

In addressing the petition to terminate on remand, the district court must apply the parental preference and take evidence and make findings regarding any attempt from Juan and Rebeca to rebut that preference.[2] *See Locklin*, 112 Nev. at 1495-96, 929 P.2d at 934-35 (providing factors for determining whether extraordinary circumstances exist to rebut the parental preference). We remind the district court that the best interests of the child must also be considered if the court finds that the parental preference has been sufficiently rebutted. *Id.* at 1496, 929 P.2d at 935 ("[T]he best interests of the child must still be considered, even after a

---

[2]We note that there is some confusion regarding which version of the guardianship-termination statute applies to this case. Because the parties' stipulation predates the effective date of the 2017 amendments to NRS Chapter 159, we conclude that the prior version of the statute, NRS 159.1905 (2003), applies. *See* 2017 Stat. Nev., ch. 172, §§ 219, 221, at 910 (providing that the amended statutes only apply to "any proceeding or matter commenced or undertaken on or after July 1, 2017"); *see also* E. Allan Farnsworth, *Contracts* § 9.2, at 649 (1982) ("[T]he modern view is that the existing law is part of the state of facts at the time of the agreement."). We therefore decline to address Ramon's constitutionality arguments directed at the amended statute.

finding of [unfitness or] extraordinary circumstances that overcome the parental preference presumption.").

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Jennifer Elliott, District Judge, Family Court Division
      Hofland & Tomsheck
      Piroozi Law Group, PLLC
      Eighth District Court Clerk

